## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**MIRUS LAKE CHARLES L L C**              **CASE NO.  2:24-CV-00125**

**VERSUS**                                **JUDGE DAVID C. JOSEPH**

**J4 DEVELOPMENT INC**                    **MAGISTRATE JUDGE LEBLANC**

### REPORT AND RECOMMENDATIONS

Before the Court *is Commonwealth Development Corporation of America's Motion to Dismiss Counterclaim of Defendant, J4 Development, Inc., Pursuant to Federal Rule of Civil Procedure 12(b)(6)*.  Doc. 17.  Defendant J4 Development, Inc. opposed the motion [doc. 21], and Commonwealth replied [doc. 22], making the motion ripe for resolution.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 17] be **GRANTED**, and that the claims for breach of contract, negligence, and detrimental reliance against Commonwealth Development Corporation of America be **DISMISSED WITHOUT PREJUDICE** to J4 Development, Inc.'s right to file an amended pleading within two weeks, to attempt to cure the deficiencies described herein.

### I.
### BACKGROUND

This lawsuit arises from a property owner's attempt to recoup expenses incurred after a contractor allegedly abandoned remediation work on its hurricane-damaged property in Lake Charles, Louisiana.  Plaintiff Mirus Lake Charles, LLC ("Mirus") filed a breach of contract claim,

alleging that general contractor J4 Development prematurely halted its work after contracting to "secure, preserve, protect, and/or repair" Mirus' property damaged by Hurricane Laura in 2020. Doc. 1.  Defendant J4 Development counterclaimed, alleging that J4 Development was underpaid and unable to continue work on the project, bringing causes of action for breach of contract, detrimental reliance, and suit on open account.  Doc. 4.

J4 Development's counterclaim names both Mirus and Commonwealth Development Corporation of America ("Commonwealth") as "Defendants-in-Counterclaim."  Doc. 4, p. 9. Commonwealth had been a stranger to the suit until being named as such.  Commonwealth now moves to dismiss J4 Development's claims against it.

In naming Commonwealth, J4 Development alleges that Mirus is not a named party to the contract on which the breach-of-contract claims are based.  Doc. 4, p. 10.  The counterclaim alleges that "[o]n the face of the contract, in the space for 'Owner,' the owner's name is filled in with the name 'Kristi Morgan.'  Ms. Morgan's email address is given as k.morgan@commonwealthco.net." Doc. 4, p. 10.  This is the only allegation specific to Commonwealth and the only allegation that connects Commonwealth to this litigation.  J4 Development makes the remaining allegations of the counterclaim against Mirus and Commonwealth collectively, alleging for example that "Defendants-in-Counterclaim" agreed to pay J4 Development for additional work caused by a freeze event in early 2021, but that "Defendants-in-Counterclaim" never did so.  Doc. 4, p. 11.  In its motion to dismiss, Commonwealth argues in short, that there are insufficient factual allegations regarding Commonwealth to state a claim.  Doc.  17.

## II.
### APPLICABLE LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a

motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the Court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Commonwealth moves to dismiss claims brought by J4 Development for breach of contract, detrimental reliance, and suit on open account. Doc. 17. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Accordingly, the court evaluates the substance of each claim under Louisiana law.

The counterclaim groups Mirus and Commonwealth together under the label "Defendants-in-Counterclaim" and makes nearly all factual allegations against the two entities collectively. This type of group pleading has sometimes been held inadequate under Rule 12(b)(6) analysis. *See, e.g.*, *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is asserted to be wrongful, allegations based on a 'theory of collective

responsibility' cannot withstand a motion to dismiss."); *Alexander v. City Police of Lafayette*, No. 6:11-CV-01749, 2021 WL 4396016, at *10 (W.D. La. Sept. 24, 2021) ("Courts have often concluded that allegations that plead liability with respect to a collective group of defendants without distinguishing the conduct of each individual defendant are deficient."); *Tilson v. DISA, Inc.*, No. CV 17-240-SDD-EWD, 2019 WL 208871, at *2 (M.D. La. Jan. 15, 2019) (in a group pleading context, analyzing only well-pleaded facts against a particular defendant to determine if pleading stated a cause of action); *Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 2849498, at *5 (E.D. La. May 13, 2016) ("This pleading structure—lumping all defendants together and asserting identical allegations as to each, without distinction—largely prevents the Court from discerning which defendants are allegedly responsible for which allegedly unlawful actions.").  Addressing each of the causes of action separately, the counterclaim fails to state a claim against Commonwealth, in large part because it is unclear what role, if any, Commonwealth or its representatives played in the events that gave rise to this litigation.

## A.     Breach of contract

J4 Development has alleged that both Mirus and Commonwealth breached their obligations under the written Contract.  Doc. 4, p. 13.  "Under Louisiana law, no action for breach of contract may lie in the absence of privity of contract between the parties."  *Beauregard Quarters, LLC v. Action Concrete Constr., Inc.*, 2021 WL 2942514, at *3 (M.D. La. Jul. 13, 2021) (citing *Pearl River Basin Land and Dev. Co., L.L.C. v. State, ex rel. Governor's Office of Homeland Sec. and Emergency Preparedness*, 29 So. 3d 589, 592 (La. Ct. App. 1st Cir. 2009)).  Mirus alleges that it was a party to the Contract.  Doc. 1, p. 3.  It is unclear from the facts alleged in the counterclaim whether Commonwealth was a party to the Contract because there is no mention of "commonwealth" in the Contract other than in the domain name for the individual signatory's e-

mail address.    Doc. 17, att. 3.[1]    Taking the allegations of the counterclaim as true, there is no plausible factual basis to assume privity of contract between Commonwealth and J4 Development. The motion should therefore be granted as to the breach of contract claims, but J4 Development should be allowed to amend its pleadings to clarify the factual basis for this claim. *See Howard v. First United Pentecostal Church of DeRidder LA*, No. 2:21-cv-3181, doc. 23, 2021 WL 5750844, at *3 (W.D. La. Dec. 2, 2021).

## B.    Detrimental reliance

Under Louisiana law, a claim of detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance, and (3) a resulting change in position to the plaintiff's detriment. *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). The claim is "designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence" and usually functions in the absence of an enforceable contract between the parties. *Id.* (quoting *Babkow v. Morris Bart, PLC*, 726 So.2d 423, 427 (La. Ct. App. 4th Cir. 1998)).

The counterclaim's allegations are insufficient as to the nature of any representations, acts, or omissions specifically made by Commonwealth. *See Howard v. First United Pentecostal Church of DeRidder LA*, No. 2:21-cv-3181, doc. 23, 2021 WL 5750844, at *3 (W.D. La. Dec. 2, 2021). Accordingly, the motion should be granted as to the detrimental reliance claims, but J4 Development should be allowed to amend its pleadings to clarify the factual basis for this claim.

---

[1] The Court may properly consider the contract attached to Commonwealth's motion to dismiss because it was referenced in the plaintiff's complaint and is central to plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

C.       **Suit on open account**

A suit on an open account is provided for in La. R.S. § 9:2781, which defines an open account as any account that has a full or partial balance that is past due, including debts incurred for professional services. La. R.S. 9:2781(D).  In contrast to a standard contract, an open account "generally leaves undetermined key aspects of the obligation, such as the time period during which the services will be rendered or the total cost of the services for which a party may be liable." *Cong. Square Ltd. P'ship v. Polk*, No. 10-317, 2011 WL 837144, at *5 (E.D. La. Mar. 4, 2011). "A contractor relationship in which the contractor 'purchase[s] all of the materials and perform[s] the labor necessary' and sends a bill upon completion can fall under the open account statute." *24/7 Restoration Specialists, LLC v. Young*, 634 F. Supp. 3d 287, 291 (E.D. La. 2022).  But a complaint may fail to state a cause of action as a suit on open account by neglecting to provide details that characterize an open account, such as "whether the alleged agreement defined how the cost of [the contractor's] services was to be calculated[,]" the scope of the work to be performed, and the timeframe, if any, for that work.  *Id.*  (granting leave to amend open account claim).

Here, a key missing detail is that the counterclaim does not adequately allege Commonwealth's relationship to the alleged open account or the agreement that gave rise to it. Accordingly, the motion should be granted as to the open account claim, but J4 Development should be allowed to amend its pleadings to clarify the factual basis for this claim.

### III.
### CONCLUSION

This lawsuit concerns property of which Mirus is the as-yet undisputed owner,[2] and on which J4 Development performed work as a general contractor.  Mirus alleges in its Complaint

---

[2] The lawsuit concerns property located at 4249 5th Ave., Lake Charles, Louisiana.  Doc. 1, p. 2, ¶ 7.  Mirus attaches to its Motion to Dismiss documents from the Calcasieu Parish Conveyance records indicating that Mirus purchased

that Mirus contracted with J4 Development for repair of the property.  Doc. 1, p. 3, ¶ 1.  J4 Development denies this allegation as written [doc. 4, p. 4, ¶ 7], alleging instead that the contract was between itself and "Defendants-in-Counterclaim," defined to mean both Mirus and Commonwealth [doc. 4, p. 10, ¶ 6].  The counterclaim treats Commonwealth as jointly responsible for the events leading to this lawsuit and jointly liable with Mirus for the damages J4 Development claims to have incurred, without plausibly explaining why.  The only allegation linking Commonwealth to this lawsuit is the fact that the individual who signed as "Owner" on the contract has a "commonwealthco.net" email address.  Even accepting this allegation as true, this does not establish that Commonwealth played a role in the events leading up to this litigation.  Accordingly, the motion to dismiss should be granted without prejudice to J4 Development's right to amend.

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 17] be **GRANTED**, and that the claims for breach of contract, suit on open account, and detrimental reliance against Commonwealth Development Corporation of America be **DISMISSED WITHOUT PREJUDICE** to J4 Development, Inc.'s right to file an amended pleading within fourteen (14) days after the District Court's ruling on this Report and Recommendation.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved

---

property at that address in 2014.  Doc. 17, att. 2.  Mirus alleges in its complaint that Mirus is the owner of the property, and J4 Development admits, on information and belief, that Mirus in fact owns the property.  Doc. 4, p. 10, ¶ 6.

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      **THUS DONE AND SIGNED** at Lake Charles, Louisiana, this 25th day of February, 2025.

_____
      **THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**